UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: H&R BLOCK EMPLOYEE ANTITRUST
LITIGATION                                                                                           MDL No. 2880


ORDER DENYING TRANSFER


**Before the Panel:** Plaintiff in an action pending in the Northern District of Illinois (*Maurella*) moves to centralize pretrial proceedings in this litigation in the Northern District of Illinois. The litigation consists of three actions, two in the Northern District of Illinois, and one in the Western District of Missouri, as listed on the attached Schedule A. The Panel has been notified of three additional federal actions involving related issues. Those actions also are pending in the Northern District of Illinois (two) and the Western District of Missouri (one).

All responding plaintiffs support centralization, but they differ as to whether it should be in the Northern District of Illinois or the Western District of Missouri. Common defendants H&R Block, Inc., and H&R Block Tax Services LLC (collectively H&R Block) oppose centralization. If the Panel orders centralization over its objections, H&R Block favors the Western District of Missouri.

On the basis of the papers filed and the hearing held, we conclude that centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of this litigation. These actions share factual issues arising from allegations that (1) H&R Block and unnamed co-conspirators engaged in a conspiracy with respect to the recruiting of employees and potential employees, including agreeing not to solicit or recruit, without prior approval, each other's personnel; (2) defendants orchestrated and enforced the agreements among themselves and their franchisees through, *inter alia*, the use of a "No Poach Clause" in the standard H&R Block franchise agreement; and (3) the agreements impeded or restricted the movement of employees between H&R Block and its franchisees, prohibited and prevented competition between and among H&R Block and its franchisees for employees, unreasonably limited franchisees' ability to solicit individuals who work for H&R Block or other franchisees, and decreased employment options available to current employees. Nevertheless, these issues – in particular, the existence of the "No Poach Clause" – appear to be largely undisputed,[1] and unlikely to require significant discovery. Notably, H&R Block, the party most likely to face duplicative discovery requests in the absence of an MDL, opposes centralization.

---

[1] According to the moving *Maurella* plaintiff, H&R Block announced in July 2018, that it would no longer include or enforce "No-Poach" Clauses in its franchise agreements.

-2-

The limited number of involved districts also weighs against centralization. The three constituent actions and three tag-alongs are pending in only the Northern District of Illinois and the Western District of Missouri. The two constituent Illinois actions already have been consolidated, and H&R Block represents that it intends to move in that action to compel arbitration, or, in the alternative, for Section 1404 transfer.[2] If the three Illinois actions are sent to arbitration or transferred, the multidistrict character of this litigation will be eliminated.[3]

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |
| Karen K. Caldwell | Nathaniel M. Gorton |

---

[2] The record suggests that H&R Block anticipates engaging in similar motion practice in the two Illinois tag-alongs.

[3] The Panel has stated that that "centralization under Section 1407 should be the last solution after considered review of all other options." *In re: Best Buy Co., Inc., Cal. Song-Beverly Credit Card Act Litig.*, 804 F. Supp. 2d 1376, 1378 (J.P.M.L. 2011). In particular, the Panel often has noted that "where 'a reasonable prospect' exists that the resolution of a Section 1404 motion or motions could eliminate the multidistrict character of a litigation, transfer under Section 1404 is preferable to [Section 1407] centralization." *E.g., In re: 3M Co. Lava Ultimate Prods. Liab. Litig.*, 222 F. Supp. 3d 1347, 1347-48 (J.P.M.L. 2016) (citing *In re: Gerber Probiotic Prods. Mktg. and Sales Practices Litig.*, 899 F. Supp. 2d 1378, 1379 (J.P.M.L. 2012)).

**IN RE: H&R BLOCK EMPLOYEE ANTITRUST LITIGATION**　　　　　　　　　　　MDL No. 2880

## SCHEDULE A

<u>Northern District of Illinois</u>

MAURELLA v. H&R BLOCK, INC., ET AL., C.A. No. 1:18-07435
GRIFFITH v. H&R BLOCK, INC., ET AL., C.A. No. 1:18-07520

<u>Western District of Missouri</u>

RAMSEY v. H&R BLOCK, INC., ET AL., C.A. No. 4:18-00933